UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD A SPANN, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA STATE OF, MORGAN, WILLIAM HYATTE, CURTIS HILL, BALLARD, <br><br> Defendants. | CAUSE NO. 3:20-CV-741-DRL-MGG |

OPINION & ORDER

Richard A. Spann, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. The court remains ever mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Spann is confined at Miami Correctional Facility. On the morning of August 27, 2020, he says the water was shut off temporarily so that searches could be conducted of inmates' cells. He alleges that he was unable to use the toilet for 2 ½ hours, causing his stomach to cramp. He further alleges that as a "Moorish National," he is being "illegally held in a foreign jurisdiction that I did not and do[] not intelligibly agree with." He seeks monetary damages and other relief.

A violation of the Eighth Amendment's protection against cruel and unusual punishment requires two showings: (1) objectively, that the condition was sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, that the prison official's state of mind was deliberate indifference to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[N]ot all prison conditions trigger eighth amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation, and physical safety." *James v. Milwaukee Cty.*, 956 F.2d 696, 699 (7th Cir. 1992). Being deprived of bathroom facilities for a few hours does not amount to an Eighth Amendment violation. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) (rejecting inmate's claim that the Eighth Amendment entitled him to 24-hour access to a toilet, because "no decision . . . known to us suggests that the temporary imposition, during lockdowns, of a once-every-two-hours limit on the use of a toilet violates society's minimum standards of decency"); *Pegues v. Rogers*, No. 3:07-CV-93 PS, 2007 WL 951896, at *1 (N.D. Ind. Mar. 27, 2007) ("[C]onditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations.").

Additionally, any claim Mr. Spann is seeking to raise regarding his "Moorish National" citizenship is patently frivolous. *See United States v. Benabe*, 654 F.3d 753, 767 (7th 2011); *United States v. Toader*, 409 F. App'x 9, at *13 (7th Cir. Nov. 24, 2010). His allegations don't state a plausible claim for relief under 42 U.S.C. § 1983.

Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano*

*v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The court finds no basis to conclude that, if given another opportunity, Mr. Spann could state a plausible constitutional claim, consistent with the allegations he has already made.

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim for relief; and

(2) DIRECTS the clerk to close this case.

SO ORDERED.

September 3, 2020                              *s/ Damon R. Leichty*
                                                              Judge, United States District Court